Case 3:05-cv-05197-RJB   Document 149   Filed 03/12/10   Page 1 of 3

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

KELLY and SALLY SAMSON, husband and wife, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

CITY OF BAINBRIDGE ISLAND,

    Defendant.

Case No. 05-5197RJB

[Consolidated Case Nos. 05-5197, 05-5198, 05-5199, 05-5201, 05-5202, 05-5203, 05-5204, 05-5205, and 05-5206]

ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

This matter comes before the Court on Plaintiffs' Motion for Voluntary Dismissal without prejudice (Dkt. 122). The Court has considered the relevant documents and the remainder of the file herein.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 27, 2010, the Court issued an order dismissing the Plaintiffs' claims under 42 U.S.C. § 1983. Dkt. 134, p. 2. The Plaintiffs were left with one claim; inverse condemnation (takings) under Article I, § 16 of the Washington Constitution. *Id*. On February 8, 2010, Plaintiffs filed a motion for voluntary dismissal of the remaining claims without prejudice. Dkt. 122.

## II. DISCUSSION

An action may be dismissed at the plaintiff's request only by court order, on terms the

ORDER - 1

court considers proper. Fed.R.Civ.P. 41(a)(2). Unless otherwise specified in the order, a dismissal under Fed.R.Civ.P. 41(a)(2) is without prejudice. *Id*. A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the Court's sound discretion. *Stevedoring Services of America v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Legal prejudice means prejudice to some legal interest, some legal claim, or some legal argument. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). Uncertainty because a dispute remains unresolved or because the threat of future litigation causes uncertainty does not result in plain legal prejudice. *Id*. Prejudice also does not result from the defendant being inconvenienced by having to defend in another forum. *Id*.

Plaintiffs state that the Court should dismiss the remaining state law claims without prejudice so that they can pursue their claims in state court. Dkt. 122, p. 2. Plaintiffs contend that the Defendant will not be prejudiced, even with a prospect of a second lawsuit. Dkt. 122, p. 3. Plaintiffs cites *Davis v. USX Corp.*, 819 F.2d 1270 (4th Cir. 1987) to support their contention. In *Davis*, the court stated that "[i]t is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." *Davis*, 819 F.2d at 1274-75.

Defendant oppose Plaintiffs' motion because it believes it will be prejudiced. Dkt. 137. Defendant argues that courts have considered "time, money and effort already invested" in defense of the dismissed claims in determining whether to grant a plaintiff's motion for dismissal. Dkt. 137, p. 8. Additionally, Defendant contends that courts have refused to allow a plaintiff to avoid an adverse ruling, by summary judgment or otherwise, simply by filing a motion for dismissal without prejudice. Dkt. 137, p. 8. Finally, Defendant states that the plaintiff has not provided sufficient explanation of the need to dismiss the case.

The Plaintiffs' motion to dismiss should be granted because there would be no plain legal prejudice. While the Defendant has invested much time, money and effort in defending this case, they are not legally prejudiced in this case. No legal claim, interest, or argument of the

ORDER - 2

1  Defendant will be affected.  Moreover, the showing of time, money and effort expended on
2  inverse condemnation issues is not enough to show legal prejudice.
3      As to Defendant's argument regarding Plaintiffs' avoidance of summary judgment, the
4  argument is not persuasive.  The Plaintiffs' remaining claims involve state law.  A federal court
5  may abstain making a decision on a state law claim.  It is uncertain as to whether or not this
6  Court would actually entertain any summary judgment regarding the remaining claims.  It is
7  difficult to see the Plaintiffs avoiding a dispositive decision when they are seeking to place the
8  case in a more appropriate venue.
9      Finally, it is enough that the Plaintiffs state that they wish to pursue the remaining state
10 law claim in state court.  Fed.R.Civ.P. 41(a)(2) does not require more reason than that.  For the
11 foregoing reasons, Plaintiffs' Motion for Voluntary Dismissal should be granted.  Additionally,
12 since this order disposes of the case, Defendant's Motion for Summary Judgment should be
13 stricken.

### III. ORDER

15 The Court does hereby find and ORDER:

16 (1) Plaintiffs' Motion for Voluntary Dismissal (Dkt. 122) is **GRANTED**;

17 (2) Defendant's Motion for Summary Judgment (Dkt. 130) is **STRICKEN**;

18 (3) This case is **DISMISSED**; and

19 (4) The Clerk is directed to send copies of this Order all counsel of record and any party
20 appearing *pro se* at said party's last known address.

21 DATED this 12th day of March, 2010.

                Robert J. Bryan
                United States District Judge